IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JEFFREY D. KNUCKLES, | ) |
| Plaintiff, | ) TRIAL BY JURY DEMANDED |
| -vs- | ) CASE NO.: |
| CSX TRANSPORTATION, INC., a corporation; | ) 1: 07-cv-1575-RLY-JMS |
| SHELBY TRUCKING, INC., a corporation; | ) |
| MICHAEL K. ROACH, an individual. | ) |
| Defendants. | ) |

## COMPLAINT AT LAW

The Plaintiff, JEFFREY D. KNUCKLES, by and through his attorneys, HARRINGTON, THOMPSON, ACKER & HARRINGTON, LTD., complaining of the Defendants, CSX TRANSPORTATION, INC., a corporation, SHELBY TRUCKING, INC., a corporation, and MICHAEL K. ROACH, an individual, states:

## ALLEGATIONS COMMON TO ALL COUNTS

1. The Defendant parties named in this cause by Plaintiff are joined under the authority of Federal Rule of Civil Procedure 20(A), asserting against them jointly, severally, or in the alternative, a right to relief in respect of and arising out of the same occurrence which involve questions of law and fact common to all named Defendants.

2. This cause of action arises out of an incident and injuries sustained therein to Plaintiff, JEFFREY D. KNUCKLES, on August 28, 2007. On that date, a collision

occurred between a freight train and a truck at a grade crossing at or near where CSX TRANSPORTATION, INC. Milepost 125.9 BC and Meridian Road in Mitchell, Indiana intersect.

3. At said time and place, the Plaintiff, JEFFREY D. KNUCKLES, was the conductor-trainee of a freight train that was approaching the aforesaid grade crossing and was traveling in a generally eastward direction. In furtherance of this duties, the Plaintiff, JEFFREY D. KNUCKLES, was riding on the lead flat car of the train consist moving generally eastward.

4. At or near the same time and place, a dump truck was being operated by the Defendant, MICHAEL K. ROACH, and was traveling in a generally northerly direction toward the railroad crossing. The dump truck driven by Defendant, MICHAEL K. ROACH, drove around the activated and flashing crossing gates and entered the intersection.

5. At or near the same time and place, contact occurred between the freight train and the dump truck.

6. As a result of the aforesaid events, the Plaintiff, JEFFERY D. KNUCKLES, was caused to be personally injured.

## COUNT I
## JEFFREY D. KNUCKLES V. CSX TRANSPORTATION, INC.

1-6. As paragraphs 1-6 of Count I, the Plaintiff, JEFFREY D. KNUCKLES, adopts and reasserts the allegations of paragraphs 1-6 of ALLEGATIONS COMMON TO ALL COUNTS as if fully set forth herein.

7. Jurisdiction of this Court is invoked as to the Plaintiff, JEFFREY D.

KNUCKLES, and the Defendant, CSX TRANSPORTATION, INC., (hereinafter "CSXT"), under 45 U.S.C. §56 and 28 U.S.C. §1331.

8. The Defendant, CSXT, is a corporation engaged in operating a railroad as a common carrier engaged in interstate commerce between the various states of the United States, including the Southern District of Indiana, and is subject to service of process and to the jurisdiction of this Court.

9. At the time and place alleged herein, the Plaintiff, JEFFREY D. KNUCKLES, was employed by the Defendant, CSXT, as a conductor-trainee, and his duties as such were in furtherance of interstate commerce for said Defendant. At said time, both the Plaintiff, JEFFREY D. KNUCKLES, and the Defendant, CSXT, were subject to the Act of Congress known as the Federal Employers' Liability Act, 45 U.S.C. §51, *et seq.*

10. The Plaintiff, JEFFREY D. KNUCKLES, was acting at all times alleged herein within the scope of his employment and in furtherance of said railroad Defendant's business, and it was the duty of the Defendant, CSXT, to exercise ordinary care to furnish the Plaintiff, JEFFREY D. KNUCKLES, with a reasonably safe place in which to work.

11. The Defendant, CSXT, notwithstanding its duties to the Plaintiff, JEFFREY D. KNUCKLES, was careless and negligent in one or more of the following particulars, and thereby contributed to cause injuries to the Plaintiff, JEFFREY D. KNUCKLES.

    a. In failing to exercise ordinary care to furnish the Plaintiff with a reasonably safe place in which to work.

12. The Plaintiff, JEFFREY D. KNUCKLES, sustained personal injuries, disability, pain and suffering, medical expenses, wage losses and other recoverable damages supported by the evidence and permitted by law resulting in whole or in part from the

careless and negligent acts and omissions of the Defendant, CSXT.

WHEREFORE, the Plaintiff, JEFFREY D. KNUCKLES, prays for judgment of damages against the Defendant, CSX TRANSPORTATION, INC., in an amount sufficient to satisfy the jurisdictional limitations of this court, plus whatever additional amount the court and the jury shall deem proper as compensatory damages, plus the costs of this lawsuit and other recoverable damages permitted by law.

**COUNT II**
**JEFFREY D. KNUCKLES V. SHELBY TRUCKING, INC. and MICHAEL K. ROACH**

1-6. As paragraphs 1-6 of Count II, the Plaintiff, JEFFREY D. KNUCKLES, adopts and reasserts the allegations of paragraphs 1-6 of ALLEGATIONS COMMON TO ALL COUNTS as if fully set forth herein.

7. The Defendant, SHELBY TRUCKING, INC., (hereinafter "SHELBY") is incorporated in the State of Indiana and does business in the State of Indiana.

8. The Defendant, MICHAEL K. ROACH, (hereinafter "ROACH") is a resident of the State of Indiana.

9. At the time and place alleged in the ALLEGATIONS COMMON TO ALL COUNTS, the aforesaid truck was owned by the Defendant, SHELBY.

10. At the time and place alleged in the ALLEGATIONS COMMON TO ALL COUNTS, the Defendant, ROACH, was an employee and/or agent of the Defendant, SHELBY, and was operating the truck in the course of his employment.

11. Jurisdiction of this Court is invoked as to the Plaintiff, JEFFREY D. KNUCKLES, and the Defendants, SHELBY and ROACH, under Federal Rule of Civil

Procedure 20 and 28 U.S.C. §1367. Supplemental jurisdiction over the Defendants, SHELBY and ROACH, is invoked as said claims are so related to claims in this action which lie within the original jurisdiction of this Court so as to form part of the same case and controversy.  The Defendants, SHELBY and ROACH, are subject to the jurisdiction and service of process of this Court.

12. At the date and time alleged heretofore, the Defendants, SHELBY and ROACH, were careless and negligent, with said carelessness and negligence joining and combining to proximately cause the aforesaid collision of the train and truck at said railroad grade crossing, in one or more of the following particulars:

  a. In failing to exercise ordinary care and caution in operating said vehicle;

  b. In failing to keep a lookout for approaching trains;

  c. In failing to look and listen for approaching trains;

  d. In stopping said truck on a railroad track in violation of Indiana statute 9-21-16-5, which prohibits stopping and remaining stopped within 50 feet of the nearest rail of the track; and

  e. In violating Indiana statue 9-21-8-39, which requires vehicles to stop within 50 feet but not less than 15 feet from the nearest track and must not proceed:

    1) When a clearly visible electric or mechanical signal device gives warning of the immediate approach of a train;

    2) When a crossing gate was lowered;

    3) When a railroad train approaching within 1,500 feet of a highway emits an audible signal and because of the speed and nearness of the train to the grade crossing, an immediate hazard was present; and

    4) When an approaching train was plainly visible and in hazardous proximity to the crossing.

13.     The Plaintiff, JEFFREY D. KNUCKLES, sustained personal injuries, disability, pain and suffering, wage losses and other recoverable damages supported by the evidence and permitted by law which were proximately caused by the careless and negligent acts and omissions of the Defendants, SHELBY and ROACH.

WHEREFORE, the Plaintiff, JEFFREY D. KNUCKLES, prays for judgment of damages against the Defendants, SHELBY TRUCKING, INC. and MICHAEL K. ROACH, in an amount to satisfy the jurisdictional limitations of this Court, plus whatever additional amount the Court and the jury shall deem proper as compensatory damages, plus the costs of this lawsuit and other recoverable damages permitted by law.

Respectfully submitted,

By: _____
Robert E. Harrington, Jr.
Patrick J. Harrington
Robert E. Harrington, III (Ind. Bar No. 24616-45)
HARRINGTON, THOMPSON, ACKER & HARRINGTON, LTD.
180 N. Wacker Drive – 3rd Floor
Chicago, Illinois 60606
Tel:      (312) 332-8811
Fx:      (312) 332-2027
E-mail:      htah@harringtonlaw.com